# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MUHAMMAD AHSAN and FAIZA AHSAN, husband and wife and the marital community composed thereof, | No. 51261-1-II |
| Appellants, | |
| v. | |
| SLOANS ENTERPRISE OF AMBOY, LLC, a Washington limited liability company, | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — Muhammad and Faiza Ahsan, pro se, appeal the trial court's entry of judgment in favor of Sloans Enterprise of Amboy LLC following the jury's verdict. The Ahsans argue that Sloans Enterprise's expert improperly opined on an ultimate issue of fact. Because the Ahsans did not object at trial, we determine that they failed to preserve the issue, and thus, we affirm.

## FACTS

The Ahsans filed a negligence action against Sloans Enterprise. The Ahsans alleged that Sloans Enterprise caused a mudslide at their house by negligently removing boulders and soil from their property during their mitigation/excavation work. Sloans Enterprise denied the allegations and asserted affirmative defenses.

At trial, both parties presented expert testimony to the jury regarding whether Sloans Enterprise breached a duty of reasonable care when it performed landslide mitigation/excavation work around the Ahsans' home. The Ashans' expert, Mark Swank, an engineering geologist, testified that based on the report he prepared, it was not appropriate for Sloans Enterprise to perform the excavation work under the conditions that existed on December 12, 2015. He opined that Sloan Enterprises excavation work was a "trigger" that caused subsequent soil instability, leading to more damage to the Ahsans' home. 3 Verbatim Report of Proceedings (VRP) (July 12, 2017) at 483.

John Zipper, a geotechnical engineer, testified as an expert on Sloans Enterprise's behalf. He reviewed Swank's report and disagreed with his opinions regarding what caused further damage to the Ahsans' home. Zipper opined that the landslide continued to move before and during the excavation work, a record setting rainfall triggered the landslide, drainage issues existed on top of the hill above the Ashans' home, the soil was of poor quality, and the whole area slid previously in 2006. Zipper opined that the landslide in 2015 would have continued to occur regardless of whether Sloans Enterprise performed excavation work on the property and it was reasonable for the Ahsans to "at least make some attempt to clear soil from the side of [the] house that day." 3 VRP (July 12, 2017) at 576-77.

Relevant here, defense counsel then asked Zipper:

[Defense counsel]: And was there anything unreasonable then about Mr. Sloan going ahead and performing the work that Mr. Ahsan asked him to do?

[Zipper]: No.

3 VRP (July 12, 2017) at 577. The Ahsans did not object.

2

The jury found that Sloans Enterprise had not been negligent. The trial court entered judgment in favor of Sloans Enterprise. The Ahsans appeal.

ANALYSIS

The Ahsans were represented by counsel at trial, but are now pro se. The Ahsans assign error to Zipper's testimony that Sloans Enterprise's actions were not "unreasonable," arguing that his opinion was an improper opinion on the ultimate issue of fact and not admissible. Br. of App. at 4. We determine that because the Ahsans did not object below, they failed to preserve the issue as to whether Zipper improperly opined on an ultimate issue of fact.

Under RAP 2.5(a), this court "may refuse to review any claim of error which was not raised in the trial court." Further, under ER 103(a)(1):

> Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected and
>
> . . . [i]n case the ruling is one admitting evidence, a timely objection or motion to strike is made, stating the specific ground of objection, if the specific ground was not apparent from the context.

A party may not appeal an error based on a ruling that admits evidence unless a timely objection or motion to strike is made. *Faust v. Albertson*, 167 Wn.2d 531, 547, 222 P.3d 1208 (2009).

The Ahsans did not object during Zipper's testimony. Because the Ahsans failed to object at trial, thus, they failed to preserve the issue of whether Zipper improperly opined on an ultimate issue for appeal. Accordingly, we affirm.

No. 51261-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

MELNICK, J.